UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

DEC 1 6 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

JERAMIE ELLIOTT, individually and
on behalf of all other persons similarly situated,

Plaintiffs,

Case No.: _10 — 6575_
_(ᗏ m c)_

v.

AMSPEC SERVICES, L.L.C.,
a New Jersey Limited Liability Company,

Defendant.

_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

1.  Plaintiff, JERAMIE ELLIOTT ("Plaintiff" or "ELLIOTT") alleges on behalf of

himself and other similarly situated current and former employees of the Defendant,

AMSPEC SERVICES, L.L.C. ("Defendant" or "AMSPEC"), who elect to opt into this

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they

are entitled to: (i) unpaid wages from Defendant for overtime work performed for which

they did not receive proper overtime premium pay, as required by law, (ii) liquidated

damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; and (iii) declaratory relief

pursuant to 28 U.S.C. §2201.

## JURISDICTION AND  VENUE

2.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§

1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under

the FLSA pursuant to 29 U.S.C § 216(b).

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391, because the Defendant

maintains its corporate headquarters in Linden, New Jersey.

1

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391, because the wage and hour policies that are the basis for this action were developed and carried out from Defendant's headquarters in Linden, New Jersey.

5.  Upon information and belief, most if not all of Defendant's employees who crafted the wage and hour policy at issue in this action—Defendant's "fluctuating workweek" overtime policy—work and reside within this judicial district.

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.  Plaintiff, ELLIOTT was, at all relevant times, an adult individual, residing in Brazoria County, Texas.

8.  Defendant, AMSPEC, is a New Jersey limited liability company, duly organized and existing under the laws of the state of New Jersey.

9.  At all times relevant hereto, Defendant maintained and continues to maintain its corporate headquarters in Linden, New Jersey.

10. At all times relevant hereto, Defendant maintained and continues to maintain its principle place of business in Linden, New Jersey.

11. At all times relevant hereto, Defendant's corporate decisions—including its decision to utilize its "Fluctuating Workweek" pay policy, at issue herein—emanated from its corporate headquarters in Linden, New Jersey.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the

2

meaning of FLSA.

14. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA.

15. Defendant was, and continues to be, an "employer" within the meaning of FLSA.

16. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17. Specifically, at all times relevant hereto, the Defendant simultaneously operated its business in numerous states.

18. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

21. The additional persons who may become plaintiffs in this action are/were non-exempt OGC Inspector employees for Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

3

## COLLECTIVE ACTION ALLEGATIONS

23. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all Oil, Gas and Chemical Inspectors ("OGC Inspectors") who are or were formerly employed by Defendant in the United States at any time since November 30, 2007, to the entry of judgment in this case (the "Collective Action Period"), who received inadequate overtime compensation at rates less than one and one-half times their regular pay rate for all hours worked in excess of forty per workweek (the "Collective Actions Members"), as a result of Defendant's illegal "Fluctuating Workweek."

24. This collective action class is so numerous that joinder of all members is impracticable.

25. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is presently within the sole control of the Defendant, upon information and belief, there are approximately 500 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

26. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

27. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

28. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

29. Inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

30. There will not difficulty in the management of this action as a collective action.

31. All of Defendant's OGC Inspector employees who worked over 40 hours in one or more workweeks during the Collective Action Period, but whom were paid under its "Fluctuating Workweek" pay policy were subject to the same pay policy as Plaintiff.

32. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members, because Defendant has acted on grounds generally applicable to all members.

33. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

  a. whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

  b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and Collective Action Members;

  c. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff was employed, in violation of 29 C.F.R. §516.4;

  d. whether Defendant failed to pay the Collective Action Members appropriate overtime compensation for hours worked in excess of forty hours per workweek, due to its flawed policy of paying "Fluctuating

Workweek" in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendant's violation(s) of the FLSA are willful as that term used within the context of the FLSA;

f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Defendant should be enjoined from such violations of the FLSA in the future; and

h. whether Plaintiff and Collective Action Members are entitled to declaratory relief.

34. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

35. At all relevant times, Defendant provided, among other things, laboratory testing, laboratory outsourcing, cargo inspection, and certification services for clients on a global basis.

36. From approximately March 1, 2010, and continuing to approximately September 21, 2010, Plaintiff was employed as a non-exempt OGC Inspector by the Defendant.

37. In this capacity, Plaintiff was employed at Defendant's facility in Galena Park, Texas.

38. Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

39. The work performed by Plaintiff required little skill and no capital investment.

40. Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

41. Within the Collective Action Period, Plaintiff, and those similarly situated to Plaintiff, often worked in excess of 40 hours a week.

42. Notwithstanding the fact that Plaintiff, and those similarly situated to Plaintiff, often worked in excess of 40 hours a week, the Defendant failed to pay Plaintiff, and those similarly situated to Plaintiff, overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

43. Notwithstanding the fact that Plaintiff, and those similarly situated to Plaintiff, often worked in excess of 40 hours a week, the Defendant willfully failed to pay Plaintiff, and those similarly situated to Plaintiff, overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

44. Plaintiff, was employed by Defendant starting in or about March 2010, and continuing until September 2010. Throughout that time, both before that time (throughout the Collective Action Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in OGC Inspector positions.

45. Like Plaintiff, the Collective Action Members/Class were subjected to Defendant's illegal "Fluctuating Workweek" methodology, whereby the Defendant's failed to pay its OGC Inspectors adequate overtime pay pursuant to the FLSA.

46. Throughout the Collective Action Period, the Collective Action Members/Class in OGC Inspector positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of

independent discretion and judgment. Such similarly situated OGC Inspectors do no have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

47. Such individuals have worked in excess of 40 hours a week, within the Collective Action Period, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

48. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

49. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

50. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 49 as if they were set forth herein.

51. At all relevant times, the Defendant had a nationwide and company-wide policy and practice of refusing to pay proper overtime compensation to their employees for their hours worked in excess of forty hours per week.

52. Instead, Defendant paid all of its OGC Inspector employees utilizing its "Fluctuating Workweek" methodology.

53. On or about February 27, 2007, Defendant's pay policy at issue herein was held to be non-compliant with the FLSA. *Ayers v. SGS Control Services, Inc.*, 2007 WL 646326

8

(S.D.N.Y. Feb. 26, 2007)(Defendant not entitled to utilize fluctuating workweek because OGC Inspectors were not paid a "fixed salary").

54. Notwithstanding Defendant's actual knowledge of the aforementioned *Ayers* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

55. On or about January 12, 2010, Defendant's pay policy at issue herein was held to be non-compliant with the FLSA. *Adeva v. Intertek USA, Inc.*, 2010 WL 97991 (D.N.J. Jan. 12, 2010)(finding the pay policy at issue to be violative of the FLSA).

56. Notwithstanding Defendant's actual knowledge of the aforementioned *Adeva* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

57. On or about April 22, 2010, Defendant's pay policy at issue herein was held to be non-compliant with the FLSA. *Brumley v. Camin Cargo Control, Inc.*, 2010 WL 1644066 (D.N.J. Apr. 12, 2010)(finding the pay policy at issue to be violative of the FLSA).

58. Notwithstanding Defendant's actual knowledge of the aforementioned *Brumley* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

59. No court has ever held Defendant's "Fluctuating Workweek" pay policy to be compliant with the FLSA.

60. As a result of the Defendant's willful failure to compensate their employees, including Plaintiffs and the Collective Action members, for overtime at a rate of at least one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. §§207(a)(1) and 215(a).

61. As a result of the Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action members, the Defendant has failed

9

to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C § 255(a).

63. Due to the Defendant's willful FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from the Defendant, his unpaid wages, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing named Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth

herein;

d.   An award of unpaid wages and overtime compensation due under the FLSA;

e.   An award of liquidated and/or punitive damages as a result of the Defendant's

willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

g.   An award of prejudgment and post judgment interest;

h.   An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

i.   Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.

Dated:  December 10, 2010

Andrew Frisch, Esq.
Counsel for Plaintiff
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
AFrisch@forthepeople.com
Tel: 954-318-0268
Fax: 954-333-3515
NJ Bar No.: 3845-2000