NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JERAMIE ELLIOTT, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| | : | Civil Action No. 10-CV-6575 (DMC)(JAD) |
| AMSPEC SERVICES, LLC, | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon the motion of Jeramie Elliott (hereinafter, "Plaintiff") for certification of collective action under the Fair Labor Standards Act ("FLSA"). Pursuant to Fed.R.Civ.P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's motion for certification of collective action is **granted**.

I.  BACKGROUND

Plaintiff was employed by Defendant Amspec Services, LLC (hereinafter, "Defendant") as an oil, gas and chemical inspector from approximately March 1, 2010 to September 21, 2010. (Elliott Decl. ¶¶ 5-6, Apr. 13, 2011, ECF No. 31). Plaintiff worked out of Defendant's branch office in Galena Park, Texas. Id. Defendant is a New Jersey company providing inspection and

1

testing services to analyze and measure petroleum and petrochemical products throughout the United States and around the world. Id. at 1. Defendant has twenty domestic locations in eleven states. (Pl.'s Br. in Supp. Mot. Certify Collective Action Ex. D, at 2-3, Apr. 11, 2011, ECF No. 32-4). Defendant's inspection division inspects oil and petrochemical cargo as such cargo is loaded, unloaded or transferred at key trading locations across the world. (Pl.'s Br. in Supp. Mot. Certify Collective Action 3, Apr. 13, 2011, ECF No. 32).

The class Plaintiff seeks to certify includes other former and current oil, gas and chemical inspectors (hereinafter, "Inspector(s)") employed by Defendant. More specifically, Plaintiff seeks to certify a class consisting of all current and former Inspectors who worked for Defendant at any time within the last three years, who performed inspection duties on behalf of Defendant and their clients, and who were subjected to Defendant's overtime compensation policy. (Pl.'s Br. in Supp. Mot. Certify Collective Action ¶ 4, Apr. 13, 2011, ECF No. 32). Plaintiff contends that Defendant unlawfully used a "fluctuating workweek" policy to determine overtime compensation. The "fluctuating workweek" policy, further described herein, purportedly paid putative class members half of the regular rate for each hour reported over forty, rather than time and a half as required by the FLSA. See, 29 U.S.C. § 207 (2008).

The Docket shows that twenty-one Plaintiffs have filed notices of consent to join this collective action. See Docket No. 10-cv-6575, ECF Nos. 3, 5, 9-11, 17-8, 20-5, 27, 40, 44, 46-7, 52-4. Putative class members who have already filed notices of consent to join state that they, like Plaintiff, seek damages for unpaid wages under the FLSA. See, e.g., Alvarez Consent to Join Collective Action, Dec. 23, 2011, ECF No. 5. Parties declare, in their notices of consent to join, that they are "similarly situated to the named plaintiff" and, "performed similar duties for

the Defendant." Id. Further, parties declare that they were "paid in the same regard as the named plaintiff," which, though generally stated, speaks directly to Plaintiff's chief claim in this case. Id. Plaintiff anticipates that other "similarly situated" employees likewise desire to join this action and will file accordingly upon notice of certification of the collective action. (Pl.'s Br. in Supp. Mot. Certify Collective Action 7-8, Apr. 13, 2011, ECF No. 32).

## II. STANDARD OF REVIEW

Courts in the Third Circuit employ a two-stage approach to determine whether certification of a collective action is appropriate. Shakib v. Back Bay Rest. Grp., Inc., No. 10-cv-4564, 2011 WL 5082106, at *2 (D.N.J. Oct. 26, 2011). The first involves the notice and conditional certification stage. Id. The second involves the final decision of whether to certify. Id. First, the court determines whether potential class members should be given notice of the action. See Herring v. Hewitt Assocs., Inc., No. 06-267, 2007 U.S. Dist. LEXIS 53278, at *6-7 (D.N.J. July 27, 2007) (citing Morisky v. Pub. Serv. Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000)). For the purposes of proving that notice of certified collective action is appropriate, Plaintiffs must show merely a "factual nexus between their situation and the situation of other current and former [employees]..." Herring, 2007 U.S. Dist. LEXIS 53278, at *13 (citing Aquilino v. Home Depot, Inc., No. 04-4100, 2006 WL 2583563, at *2 (D.N.J. Sept. 6, 2006)). Notice is warranted where the court has before it "some modest evidence, beyond pure speculation, that [the employer's] alleged policy affected other employees." Kronick v. bebe Stores, Inc., No. 07-4514, 2008 WL 4546368, at *2 (D.N.J. Oct. 2, 2008). In order for

notice to be granted and disseminated in the first stage, the merits of Plaintiff's claim need not be evaluated and discovery need not be completed. Aquilino v. Home Depot, Inc., No. 04-4100, 2006 WL 2583563, at *2 (D.N.J. Sept. 6, 2006). At the notice stage, the court normally has only evidence in the form of pleadings and affidavits.

As Plaintiff aptly notes, the court uses a fairly lenient standard to determine whether potential collective action members are similarly situated, reserving the stricter standard for the second stage of analysis. Id. at *7; see also, Pl.'s Br. in Supp. Mot. Certify Collective Action 3, Apr. 11, 2011, ECF No. 32. At this stage, given the low threshold, courts' analyses "typically [result] in conditional certification of a representative class." Id. At the second stage, after the court has more evidence and is ready for trial, it will apply a stricter standard. See Morisky, 111 F.Supp.2d at 497. If the court then concludes, based on additional facts, that parties are similarly situated, it will make the final decision to proceed as a class action. Id. Even if the court conditionally certifies and provides notice to potential plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in the action, as new facts emerge.'" Bouder v. Prudential Fin., Inc., No. 06-4359, 2008 WL 7898281, at *2 (D.N.J. Mar. 27, 2008) (citing Sperling v. Hoffman-LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988)).

At this time, this Court will engage in a first stage analysis which hinges upon whether Plaintiff and putative class members are "similarly situated."

### III.  DISCUSSION

Plaintiff concludes that he has capacity to sue on behalf of himself and other employees similarly situated under § 207 of the FLSA based on Defendant's alleged failure to pay one and one-half times the regular rate for overtime hours. (Pl.'s Br. in Supp. of Mot. for Cert. Collective Action ¶ 2, Apr. 13, 2011, ECF No. 32). Plaintiff argues that the burden of proving a "factual nexus" between him and parties seeking to join the collective action has been met for conditional certification purposes because all putative class members were subjected to Defendant's allegedly unlawful overtime compensation policy. Putative class members consenting to join the collective action premise their "similarly situated" argument on the fact that they were "paid in the same regard as the named Plaintiff" based on similar duties performed for Defendant. See, e.g., Alvarez Consent to Join Collective Action, Dec. 23, 2011, ECF No. 5. Plaintiff explains that each party already consenting to join the collective action was an Inspector that was subjected to Defendant's overtime compensation policy. (Pl.'s Br. in Supp. of Mot. for Cert. Collective Action ¶ 4). Plaintiff points to the twenty-one notices of consent to join already filed in this action to show that other parties have a desire to join in this collective action. (Pl.'s Br. in Supp. of Mot. for Cert. Collective Action 4).

The overtime compensation policy at issue divides the total amount earned in a workweek by the total number of hours worked that week. (Def.'s Opp'n to Pl.'s Motion to Certify Collective Action 5-6, May 2, 2011, ECF No. 35) (citing Ex. A ¶¶ 12-3, May 2, 2011, ECF No. 35-1). The result of that calculation is a "fluctuating rate" which is then multiplied by ½. Id. That number is then multiplied by the number of hours of overtime worked that week to

determine any additional overtime compensation. Id. Inspectors are notified in writing of this fluctuating workweek pay system at the time they begin their employment, and sign a form acknowledging their acceptance of it. Id.

In order to calculate overtime compensation, Defendant's policy considers the amount actually earned. Defendant utilizes a system of incentivized payment by which employees can earn incentive payments for events such as: working on a holiday or day off, working on the water as opposed to on-land ("offshore pay") and work requiring the additional task of opening and closing shore tanks to, say, measure the volume of a product. (Def.'s Opp'n to Pl.'s Motion to Certify Collective Action 4, May 2, 2011, ECF No. 35). Incentive earning policies vary in rate, amount, type and applicability depending on which of Defendant's location employs the worker. Id.

Defendant finds it especially compelling that incentive payments, guided by policies that vary by location, are included in the overtime calculation. (Def.'s Opp'n to Pl.'s Motion to Certify Collective Action 4-7, May 2, 2011, ECF No. 35). With twenty domestic locations in eleven states, Defendant contends there is too much variance in the applicable incentive payment systems to render putative class member employees from different locations "similarly situated," despite their being subjected to the same overtime calculation policy. Id. at 1-2. Defendant objects citing further factual differences among members of the putative class, in the same vein. Id. at 2.

Plaintiff counter-argues that Defendant's contentions are fact intensive, individualized inquiries and are not relevant to the Court's analysis in this first stage. (Pl.'s Reply 7, May 9, 2011, ECF No. 39). This Court is inclined to agree. Defendant argues that individuals are not

"similarly situated" because of variance in amounts actually paid as overtime compensation. That does not persuade this Court to forego certifying the collective action. It has been commonly recognized that "the necessity for calculation of damages on an individual basis should not preclude class determination *when the common issues which determine liability predominate.*" Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 137 (3d Cir. 2000) (emphasis added); see also, Phila. Elec. Co. v. Anaconda Am. Brass, Co., 43 F.R.D. 452, 457 (E.D.Pa. 1968); and, Dolgow v. Anderson, 43 FRD 472, 490-1 (E.D.N.Y. 1968). The differences Defendant cites are related to the calculation of damages and are irrelevant to the present inquiry of whether the putative class members seek relief based on common claims. Plaintiff has sufficiently plead that he and other putative class members were subjected to the same overtime compensation scheme, and base want of relief on that commonality. Plaintiff has provided sufficient evidence for this Court to conclude that a class of Inspectors who worked for Defendant within the last three years and were subjected to a common scheme of allegedly unlawful overtime compensation payment.

    Plaintiff has met his burden of setting forth a "factual nexus" between his position and that of other members of the putative class. Moreover, Plaintiff has shown that putative class members were subjected to Defendant's common policy for calculating overtime compensation. This Court finds Defendant's strongest argument unavailing because variance in calculation of damages is not relevant to determining whether common issues of liability are present at this stage of litigation. Despite the fact that amount and rate of pay varies between Inspectors, all of those seeking to join in this action were subject to the same policy. Inasmuch, Plaintiff has made a proper showing, sufficient for granting collective action certification at this stage.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for certification of collective action is **granted**.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Date:       November 29, 2011
Orig.:      Clerk
cc:         All Counsel of Record
            Joseph A. Dickson, U.S.M.J.